IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| T.J. THREADGILL, 282568,              ) | |
|       Petitioner,              ) | |
| ) | |
| v.              ) | No. 3:06-CV-1026-G |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director              ) | |
| Texas Department of Criminal Justice,              ) | |
| Correctional Institutions Division              ) | |
|       Respondent.              ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On September 14, 1984, Petitioner pled guilty to burglary of a habitation and was sentenced to fifty years imprisonment. *The State of Texas v. T. J. Threadgill*, No. F78-03865-NJ (Crim. Dist. Ct. No. 3, Dallas, Tex., Sept. 14, 1984). On October 3, 1989, Petitioner was placed on parole. On June 27, 2002, his parole was revoked.

Petitioner does not challenge his conviction. Instead, he argues that the time he spent on parole ("street time") was unlawfully forfeited when his parole was revoked. Petitioner argues that the loss of his street time has illegally extended his sentence.

Prior to filing this action, Petitioner exhausted his administrative and state court remedies. On February 19, 2004, August 9, 2004, and March 8, 2006, Petitioner filed time credit dispute resolution forms with TDCJ raising the claims at issue in this case. On March 7, 2005,

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**             Page -1-

Petitioner filed a state petition for writ of habeas corpus. On July 27, 2005, the Court of Criminal Appeals denied the petition.

On June 3, 2006, Petitioner filed this federal petition. On October 20, 2006, Respondent filed his answer arguing the petition is barred by the one-year statute of limitations. The Court now determines the petition is barred by limitations and should be dismissed.

## II.  Discussion

### A.  Statute of Limitations

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of either: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base is petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case. The Court will therefore calculate the one-year statute of limitations under subparagraph

(D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

In the context of parole revocation proceedings, courts have determined that the very latest date on which a petitioner could or should have been aware of the loss of street time was when the Board revoked his parole and recommitted him to TDCJ. *See Biggins v. Dretke*, No. 3:03-CV-2005-P, 2004 WL 1898255 at *2 (N.D. Tex. Aug. 24, 2004); *Tweedy v. Dretke*, No. 4:03-CV-0520-A, 2003 WL 22724659 at *3 (N.D. Tex. Sept. 15, 2003).

In this case, Petitioner's parole was revoked on June 27, 2002. (Respondent's Ex. A). Petitioner knew on the date of his parole revocation, or could have discovered through due diligence, that he would not be credited for time spent on parole.[1] Thus, the federal statute of limitations began on Petitioner's claims on June 27, 2002, and ended on June 27, 2003.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of state habeas proceedings. Petitioner's state habeas proceedings, however, were not filed until after the one-year limitations period expired. As stated above, Petitioner filed his first time credit dispute resolution form with TDCJ on February 19, 2004. On March 7, 2005, Petitioner filed a state petition for writ of habeas corpus. The federal limitations period expired on June 27, 2003. The petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

---

[1] Additionally, Petitioner's "Certificate of Parole" notified him at the time of his release to parole that revocation would result in the forfeiture of all time served on parole. (Respondent's Ex. B).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**         Page -3-

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 4th day of June, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).